GEORGE CORNELIUS *against* ANTHONY IVINS.

### CERTIORARI.

An item in a plaintiff's state of demand, or copy of his account, charging defendant "to loading vessel at his wharf, at Cedar Bush Landing," may be considered as a charge for wharfage, and not a trespass.

A general charge "to sundries as per day book," if it stood alone, would be objectionable, but if on the same date there is a credit given the defendant for the same amount, and in the same language, the judgment will not be reversed for the generality of the charge.

If on the debit side of the account, there is a general charge for sundries, making the plaintiff's demand exceed the sum of $100; yet·if on the credit side of the account there is a general credit given the defendant for the same sum in the same language, and if the same date which reduces the balance of plaintiff's demand under $100, the justice has jurisdiction of the cause.

Cornelius v. Ivins.

This was a *certiorari*, to the Court of Common Pleas of Monmouth, brought by Cornelius the defendant, and appellant below to reverse a judgment, rendered against him, on an appeal from a justice's court.

*Ryall*, for the plantiff, in *certiorari*, relied upon the following reasons for the reversal of the judgment: *First*, because the state of demand, filed by the plaintiff below, exceeded the jurisdiction of the justice, and the credit therein given, was not such as is required by law. *Second*, because the state of demand is defective in this, that it comprises two different causes of action, to wit, debt and trespass.

In support of the first reason, he referred to the state of demand, whereby it appeared that the whole amount of the plaintiff's demand, was $214.47; but in this sum was included, a charge under the date of June 20th, 1825, of "sundries per day book, $163.50, thereby reducing the balance due the plaintiff, under the sum of $100. This general credit, he contended, was insufficient to bring the cause within the jurisdiction of the justice. In support of the second reason, he referred to the two following items in the state of demand, *viz.:* "To loading vessel at his wharf, Cedar Bush Landing," and to "sundries per day book." The *first* item he contended was for trespass, and the *second* for a book debt, and that they could not be joined in the same action.

*Wall*, contra.

CH. JUSTICE. If the charge of sundries, per day book, stood alone, it would be objectionable for its generality. But it appears, that there is a credit given the defendant for the same amount, in the same language, on the same date; and in as much as those two items taken together, clearly shew that there is no demand on this score, and that the one is extinguished by the other, we think we ought

not to reverse the judgment on this ground. As to the objection that debt and trespass, are joined together, we think that the charge for "loading vessel at Cedar Bush Landing," is not a trespass, but merely for the use of the wharf or wharfage—therefore

Let the judgment be affirmed.